**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JEFFREY M. IGEL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 8700 |
| | ) |
| **VILLAGE OF MANHATTAN,** a municipal corporation, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This memorandum opinion and order, which addresses the Answer and Affirmative Defenses ("ADs") filed by the Village of Manhattan ("Village") in response to the Complaint brought against it and two of its employees by Jeffrey Igel ("Igel"), is regrettably sardonic in tone, although this Court would of course prefer otherwise. But it is extraordinarily troubling to find an experienced federal practitioner filing a pleading that appears to demonstrate a need for enrollment in a remedial reading class.

Lest what has just been said seem overcritical, consider the exceedingly plain roadmap charted by Fed. R. Civ. P. ("Rule") 8(b)(5) for a disclaimer that will, under specified circumstances, relieve a defendant and its counsel from the obligation to "admit or deny the allegations asserted against it by an opposing party" (Rule 8(b)(1)(B)). And note how the carefully structured disclaimer language contrasts, for example, with the provisions of Answer ¶¶ 1, 2 and 7-9, which inexplicably depart from that clear path in a manner that omits some critical components of the required disclaimer.

Even worse, Answer ¶¶ 11, 12 and 18-25, which come closer to the Rule 8(b)(5) formulation by inserting the required reference to the Village's "belief" (although those paragraphs still continue to omit any reference to the Village's lack of <u>information</u> -- a more demanding assertion than a lack of <u>knowledge</u>), then go on to compound counsel's errors by adding "and thus denies same." That addition is impermissible, for it is of course oxymoronic for a party to assert in good faith that it lacks even enough knowledge or information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of the paragraphs of the Answer referred to in this and the next paragraph of this opinion.

Apparently not content to have essayed two improper variants on the easy-to-follow Rule 8(b)(5) formulation, the Village's counsel has provided a third variant in Answer ¶¶ 47-50 and 52 that repeats in different form the errors that have been described earlier. With so much of the Answer having to be redone to cure the defects set out here, an amendment to the existing Answer would leave a reader with the problem of having to flip back and forth between two pleadings to see just what is and what is not in issue between the parties. Accordingly the Village's counsel is ordered to file a self-contained Amended Answer that cures the defects identified here on or before January 24, 2014.[1]

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: January 8, 2014.

---

[1] No view is expressed as to the propriety or viability of the Village's five ADs or as to its nonresponse to various of the Complaint's counts on the ground that it is not targeted there. Those subjects will be left to Igel's counsel to address if need be.