# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JEFFREY M. IGEL**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13 C 8700 |
| **VILLAGE OF MANHATTAN,** a municipal corporation, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Nichole Costello ("Costello"), one of the defendants in this action brought by her ex-husband Jeffrey Igel, has filed an Amended Answer ("AA") to Igel's Complaint. Although Costello labels her pleading as having been submitted pro se, it is obvious that she has drawn on some professional source in preparing the document (or more likely, in drafting the entire document). Unfortunately she has chosen that source poorly.[1] Where Costello has gone wrong (as was true of the Village and, in one instance, of Garcia) is in her use (or more accurately misuse) of the disclaimer provision in Fed. R. Civ. P. ("Rule") 8(b)(5) that may properly be invoked where a defendant cannot appropriately comply with Rule 8(b)(1)(B) as to some allegation advanced by the plaintiff.

Here Costello's AA ¶¶ 6, 15, 21 and 25 not only fail to follow the clear path marked out by Rule 8(b)(5) but also do so in a manner that is internally inconsistent. Indeed, in one of those

---

[1] That is scarcely surprising -- both of the other defendants (the Village of Manhattan ("Village) and Jesus Garcia ("Garcia")) -- were ordered by this Court to go back to the drawing board because their own pleadings were flawed and had to be replaced.

instances (Answer ¶ 15) Costello compounds the error by following her purported disclaimer with the language "and thus denies same."

That last statement is of course oxymoronic. How can a party assert (presumably in good faith) that she lacks enough knowledge (or as she should have added, enough information -- a more demanding requirement) to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it? Because such a denial is at odds with a pleader's obligations under Rule 11(b), the quoted language must be stricken from each of those four paragraphs of the AA.

Accordingly those paragraphs of Costello's AA are stricken in their entirety, although she is granted leave to replace her faulty assertions with proper disclaimers <u>if</u> she can do so consistently with her obligations under Rule 11(b).[2] Costello's failure to conform to this order will result in treating the previously-disclaimed allegations of Igel's Complaint as having been admitted.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

January 29, 2014

---

[2] Costello is not required to file a self-contained Second Amended Answer. It will be sufficient if she files an amendment to the AA that is limited to replacing the four offending paragraphs.